

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | | |
|---|---|---|
| Alonzo C. Jeter III,<br>　　　　Petitioner, | §<br>§<br>§ | |
| vs. | § | CIVIL ACTION NO. 9:23-3253-MGL |
| Warden Wilfredo Martell.<br>　　　　Respondent. | §<br>§<br>§ | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
AND DISMISSING THE PETITION WITH PREJUDICE**

Petitioner Alonzo C. Jeter III (Jeter) filed this 28 U.S.C. § 2254 petition (the petition) against Respondent Warden Wilfredo Martello (Martell). Jeter is representing himself.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Martello's motion for summary judgment be granted and the petition be dismissed with prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 3, 2024, the Clerk entered Jeter's objections on August 9, 2024, and Martello filed his reply on August 23, 2024. The Court has carefully reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

Jeter pled guilty in state court to two counts of Distribution of Methamphetamine, 2nd offense, two counts of Distribution of Methamphetamine within a half-mile of a School or Park, 2nd offense, and Trafficking in Methamphetamine 10–28 grams, 2nd offense. The trial court dismissed his other drug charges, as a part of the plea agreement, and sentenced Jeter to a total term of imprisonment of fifteen years. Jeter failed to file an appeal. He is currently imprisoned in the South Carolina Department of Corrections at the Evans Correctional Institution. His projected release date is February 26, 2027. https://public.doc.state.sc.us/scdc-public/inmateDetails.do?id= %2000282902 (last accessed on September 11, 2024).

Jeter subsequently filed a petition for Post Conviction Relief (PCR), which the PCR court denied. He then Petitioner filed a pro se Rule 59, SCRCP, Motion to Alter or Amend the Order of Dismissal, which the PCR court also denied.

Appointed counsel appealed the PCR court's denial of Jeter's PCR petition. But, the South Carolina Court of Appeals affirmed the PCR court.

Jeter offers seventeen objections to the Report. In his first one, Jeter "objects to the Magistrate's assertion . . . Grounds Six, Eleven, and Fourteen were not fully adjudicated on the merits in state court." Objections at 2. Jeter maintains, "[w]ith respect to these Grounds, the Magistrate contends [these] rulings were made by the PCR court but [he] failed to raise the issues in his petition for writ of certiorari. [Jeter] disagrees." *Id.*

2

Here are Jeter's Grounds Six, Eleven, and Fourteen for relief:

> **GROUND SIX**:  Ineffective assistance of counsel in violation of Sixth Amendment of the United States Constitution.
>
> **SUPPORTING FACTS**: Plea Counsel failed to investigate and be competent of the facts and law in this case and totality and consequently Plea Counsel engaged in plea negotiations incompletely and ignorantly and thus did not have any bargaining power to effectively and strategically negotiate against the state. Plea Counsel's failures caused Plea Counsel to lack mitigation evidence and competency of the law to realize that the state was simply bringing illegitimate "stacked" charges to the negotiation as leverage. Counsel's failure to investigate and incompetency as to facts and law caused counsel to subsequently fail to subject the state's case to meaningful and adversarial testing. [Jeter] did not and could not enter a plea of guilty knowingly, voluntarily, and intelligently and with eyes open due to the fact that not only was [he] ignorant and incompetent – but so was Plea Counsel.
>
> * * * * *
>
> **GROUND ELEVEN**:  Ineffective assistance of counsel in violation of Sixth Amendment of the United States Constitution.
>
> **SUPPORTING FACTS**: Plea Counsel was ineffective as he failed to realize that there was no possibility that [Jeter] would receive a Life Without Possibility of Parole (LWOP) sentence. [He] did not have prior convictions on his record that could be used as enhancers to his current charges. The current charges which were a result of the transactions could not be tried and convicted separately in an attempt to expose [Jeter] to a Life Without Parole sentence. The proximity charges (which were strikes) would not stand. This charge would not have stood if properly challenged by Plea Counsel. [He] should not have been encouraged to plead guilty to this charge. Plea Counsel was ineffective for failing to investigate and be competent of the law in this regard.
>
> * * * * *

| | |
|---|---|
| **GROUND FOURTEEN**: | Ineffective assistance of counsel in violation of Sixth Amendment of the United States Constitution. |
| **SUPPORTING FACTS**: | Failure to obtain original 7-year plea offer. |

Report at 7, 9-10 (citation omitted).

Pointing to pages fifteen and sixteen of his pro se writ of certiorari, Jeter maintains, "[c]ontrary to the Magistrate's assertion, the record reflects that [he] did address these grounds within his petition for writ of certiorari." Objections at 2. But, the Court has made a de novo review of the record and is unpersuaded. Therefore, the Court concludes this grounds are procedurally barred. *See Whitley v. Bair*, 802 F.2d 1487, 1500 (4th Cir. 1986) ("[F]ailure to appeal claims disposed of by state habeas trial court constitutes a procedural bar to further federal review of such claims.").

To the extent Jeter blames his PCR appellate counsel for the default as to Grounds Six, Eleven, and Fourteen, and relies on *Martinez* to get around the procedural default, *Martinez* is "applicable only to allegations of [ineffective assistance of counsel] by PCR counsel. It does not apply to claims of [ineffective assistance of counsel] by PCR appellate counsel." *Mahdi v. Stirling*, 20 F.4th 846, 893 (4th Cir. 2021).

Nevertheless, although the Magistrate Judge determined Grounds Six, Eleven, and Fourteen were procedurally barred, she also considered the merits of those claims, and found them to be meritless. The Court, having made a de novo review of the record, agrees inasmuch as it is unable to say the state court's decision on these matters "was contrary to,

or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding[.]" *Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000) (citations omitted) (internal quotation marks omitted).

Therefore, for all these reasons, the Court will overrule Jeter's first objection.

Second, Jeter "objects to the Magistrate's assertion that [his] Ground[ ] Eight is procedurally barred and does not survive under *Martinez*." Objections at 3. According to Jeter, "the Magistrate is correct that this Ground was not raised during [his] PCR proceeding[,] the Magistrate [errs] in determining [he] has not established cause and prejudice under *Martinez* . . . with regard to this claim." *Id*.

As per *Martinez*, "[t]o overcome the default, a prisoner must . . . demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Martinez v. Ryan*, 566 U.S. 1, 14 ( 2012).

Ground Eight in the petition is as follows:

> **GROUND EIGHT**:   Ineffective assistance of counsel in violation of Sixth Amendment of the United States Constitution.
>
> **SUPPORTING FACTS**: Plea Counsel failed to object and ensure that the facts with regard to the proximity to half-mile of school/park/playground were cited on and for the record before the sentencing judge. The solicitor did not cite any facts with regard to the proximity charge and neither did the judge nor Plea Counsel seek and ensure that the facts were cited on and for the record. Had the facts been given, [Jeter] would have then been afforded opportunity to show that the facts did not satisfy the elements which would have

> allowed the proximity charge to stand. Also, the sentencing judge would have then also realized that the facts did not present the elements which would satisfy the charge. This charge would not have stood if properly challenged by Plea Counsel. [Jeter] should not have been encouraged to plead guilty to this charge. Plea Counsel was ineffective for failing to investigate and be competent of the law in this regard.

Report at 8 (citation omitted).

Claims are considered procedurally barred such that "federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 724 (1991).

Although Jeter cites to *Martinez* in his attempt to save this claim, again, *Martinez* states "the prisoner must demonstrate that the claim has some merit." *Martinez*, 566 U.S. at 14.

But here, as the Magistrate Judge noted in the Report, Jeter "has not shown that his PCR Counsel was ineffective, nor has he shown that the underlying ineffective-assistance-of-[Plea]-Counsel claims in Ground[ ] Eight . . . [has] 'some merit.'" Report at 21 n. 9 (citation omitted). In fact, the Magistrate Judge performed a detailed merit-based analysis of Ground Eight in the Report. *See* Report at 27-34. Accordingly, the Court will overrule Jeter's second objection, too.

Third, Jeter objects to "[t]he Magistrate [Judge's] fail[ure] to realize and acknowledge [he] did ask PCR Counsel to amend his application for PCR so as to add [Ground Nine]; however, PCR Counsel failed to [do so]." Thus, according to Jeter, "this claim survives under *Martinez*." Objections at 5 (emphasis added).

6

Here is Ground Nine in the petition:

> **GROUND NINE**: Ineffective assistance of counsel in violation of Sixth Amendment of the United States Constitution.
>
> **SUPPORTING FACTS**: Plea Counsel failed to realize that the crimes consisted of two transactions rather than three as [Jeter] was charged. Plea [C]ounsel failed to view the video and realize this. Plea Counsel was ineffective by having [him] to enter a plea of guilty to three drug transactions rather than the two. This charge would not have stood if properly challenged by Plea Counsel. [He] should not have been encouraged to plead guilty to this charge. Plea Counsel was ineffective for failing to investigate and be competent of the law in this regard.

Report at 8 (citation omitted).

As above, this claim is procedurally barred and Jeter has failed to "demonstrate that the claim has some merit." *Martinez*, 566 U.S. at 14. As such, the Court will overrule Jeter's third objection, as well.

Fourth, Jeter contends the Magistrate Judge erred in failing to agree Ground Ten survives under *Martinez*. Objections at 6.

Jeter makes the following claims in Ground Ten of the petition:

> **GROUND TEN**: Ineffective assistance of counsel in violation of Sixth Amendment of the United States Constitution.
>
> **SUPPORTING FACTS**: Plea Counsel failed to realize that the charges were based off of transactions which were in temporal proximity to one another and as a result of one agreement. The transactions were the result of one initial agreement. There was no second and separate agreement between the transactions. There was a prior agreement that both transactions would occur. The second transaction was a result of the original impulse and did not occur as a result of a new bargain or agreement. The second transaction was dependent on the first transaction. There was one overall agreement which had been established at genesis. The transactions were

7

> temporal in nature. Also, the solicitor was without any proper prior convictions it could use as enhancers to [Jeter's] current charges.

Report 8-9 (citation omitted).

Again, this claim is also procedurally barred and Jeter has failed to "demonstrate that the claim has some merit." *Martinez*, 566 U.S. at 14. Thus, the Court will overrule Jeter's fourth objection, as well.

Fifth, Jeter seems to contend the Magistrate Judge erred in failing to identify a Due Process violation by the state court's employing the wrong state-law precedent in his case. *See* Objections at 7 ("As the State courts would fail to set straight the [state law] preceden[t] as to this issue[,] it did violate [Jeter's] rights to Due Process being the incorrect precedence on this matter has not been corrected and established correctly.").

Objection five concerns Ground Fifteen of the petition:

> **GROUND FIFTEEN**:  Due Process Violation – Denial of Right to be Heard.
>
> **SUPPORTING FACTS**: Failure to address argument against precedence: I raised an argument against precedence to the South Carolina Court of Appeals. Specifically, I sought to argue against the court's precedence which it set per its ruling the case of *State v. Wakefield*, 323 SC 189, 473 SE 2d 831 (1996) with regard to South Carolina Code Ann Section 44-53-445 (the proximity statute).

Report at 10 (citation omitted).

In Ground Fifteen, Jeter is making arguments whether the South Carolina Court of Appeals

8

erred in declining to hear Petitioner's argument against state precedent. But, this is a matter of state law and is non-cognizable in a federal habeas petition. *See Humphries v. Ozmint*, 397 F.3d 206, 226 (4th Cir. 2005) (noting Petitioner was "raising an issue of state law, which is not cognizable on federal habeas review"). Accordingly, the Court will also overrule this objection.

Sixth, Jeter contends the Magistrate Judge erred in failing to suggest "[t]his Court may rule as to the unreasonableness of the PCR court and manner in which it arrived at its unreasonable decision[.]" Objections at 7 (capitalizations modified).

This objection related to Ground Seventeen of the petition:

> **GROUND SEVENTEEN**: Due Process Violation – Reopening the Post-Conviction Record and Frustration of [Jeter's] Prior Plea and Terms of the Plea Agreement.
>
> **SUPPORTING FACTS**: [Jeter's] Due Process rights were treaded upon as the Post-Conviction Relief Judge in this case allowed the PCR Record to be reopened after the PCR proceeding had been held, all testimony had been given and received. Plea Counsel had already testified and Plea Counsel did not provide any excuse or reason as to why he failed to challenge the solicitor's erroneously using a prior marijuana conviction to enhance [Jeter's] current charges. The PCR Court and its actions frustrated s 2004 plea agreement and its agreement terms. This did violate the substantive and procedural due process rights of [Jeter] and has led to a mass of litigation with regard to [his] 2004 plea agreement.

Report at 10 (citation omitted).

As above, Jeter is "raising an issue of state law, which is not cognizable on federal habeas review" *Humphries*, 397 F.3d at 226. Consequently, the Court will overrule Jeter's sixth objection, too.

Seventh, Jeter states "[t]he Magistrate incorrectly determine[d] that, '[he] did not attempt to raise [Ground Sixteen] during any of his PCR proceedings.'" Objections at 8 (quoting Report at 24).

> **GROUND SIXTEEN**: South Carolina Code Ann. Section 44-53-470 is Unconstitutionally Void for Vagueness.
>
> **SUPPORTING FACTS**: South Carolina's enhancement sentence for drug offenders–South Carolina Code Ann. § 44-53-470 is unconstitutionally both facially and as applied to [Jeter]. The statute is void-for-vagueness as it fails to clearly inform an offender of the consequences for his actions. [Jeter] was not afforded the benefits of the Rule of Lenity which mandates that any ambiguity which exists within a statute is to be resolved in ]his] favor.

Report at 10 (citation omitted).

Jeter argues he did raise this argument at his PCR hearing. Assuming he did, it is still procedurally barred inasmuch as Jeter failed to raise it on either direct appeal or in the state PCR appeal.

As before, he attempts to employ *Martinez* to save this claim. But, as before, *Martinez* requires "the prisoner [to] demonstrate that the claim has some merit." *Martinez*, 566 U.S. at 14. Jeter is unable to do so. Thus, the Court will also overrule Jeter's seventh objection.

Eighth, seems to suggest the Magistrate Judge erred in accepting the PCR court's factual determinations in that proceeding. According to Jeter, "[t]he Magistrate [Judge] contends [Jeter] has not rebutted the presumption that the PCR court's factual determination is correct. However, when making such determination, the Magistrate doesn't dispute anything that [Jeter] has pointed out within his objections which were submitted to the Magistrate [Judge]." Objections at 10.

This objection concerns Grounds One, Two, Three, Four, Seven, Eight, and Twelve of the petition:

> **GROUND ONE**:   Ineffective assistance of counsel in violation of Sixth Amendment of the United States Constitution
>
> **SUPPORTING FACTS**: Plea Counsel failed to investigate the facts, the law, and any and all other aspects of the case and charges independently. [Jeter] was charged with distribution of methamphetamine in proximity of a half-mile of Park/School [Macedonia Baptist Church] under South Carolina Code Ann. § 44-53-445. [] Plea Counsel failed to be competent to know that churches, nor playgrounds which are on the property of and/or are owned by churches, are not encompassed under the [statute].
>
> **GROUND TWO**:   Ineffective assistance of counsel in violation of Sixth Amendment of the United States Constitution
>
> **SUPPORTING FACTS**: Plea Counsel failed to be competent of the requirements and elements of § 44-53-445. Specifically, Plea Counsel failed to realize that the requirement and element of [the statute] is that the park/school/playground be "public." As churches and all church property is "private" this charge would not have stood if properly challenged by Plea Counsel. [Jeter] should not have been encouraged to plead guilty to this charge. Plea Counsel was ineffective for failing to investigate and be competent of the law in this regard.
>
> **GROUND THREE**: Ineffective assistance of counsel in violation of Sixth Amendment to the United States Constitution.
>
> **SUPPORTING FACTS**: Plea Counsel failed to realize that the requirement and element of § 44-53-445 is that the offender actually "know" that he is committing the act within a half-mile range of a public park/school/playground. As churches and all church property is "private" there was no way possible that [Jeter] could actually "know" that he was committing the act within a half-mile range of a "public" park/school/playground. This charge would not have stood if properly challenged by Plea Counsel. [He] should not have been encouraged to plead guilty to this charge. Plea Counsel was

11

ineffective for failing to investigate and be competent of the law in this regard.

**GROUND FOUR**:   Ineffective assistance of counsel in violation of Sixth Amendment of the United States Constitution.

**SUPPORTING FACTS**:  Plea Counsel did not investigate the scene of the church nor did Plea Counsel know if the location where the act was committed was actually within a half-mile range from the "private" church and its "private" basketball goal.  This charge would not have stood if properly challenged by Plea Counsel.  [Jeter] should not have been encouraged to plead guilty to this charge.  Plea Counsel was ineffective for failing to investigate and be competent of the law in this regard.

* * * * *

**GROUND SEVEN**:   Ineffective assistance of counsel in violation of Sixth Amendment of the United States Constitution.

**SUPPORTING FACTS**:  Plea Counsel failed to inform [Jeter] of each and every element of the proximity to half-mile of school/park/playground charge.  Plea Counsel failed to inform [him] of each element even as the sentencing judge failed to ensure that [He] was aware of the elements of the charge.  Had [he] been informed of each of the elements which were required to be met which would allow the charge to stand, and also had each of the elements of the charges been properly [] discussed before the judge during the plea proceeding –[Jeter] would have then been afforded the opportunity to act knowingly and thus decline to plead guilty.  Also the sentencing judge would have been prompted and informed at that time to realize that the elements would not be met by the state.

**GROUND EIGHT**:   Ineffective assistance of counsel in violation of Sixth Amendment of the United States Constitution.

**SUPPORTING FACTS**:  Plea Counsel failed to object and ensure that the facts with regard to the proximity to half-mile of school/park/playground were cited on and for the record before the sentencing judge.  The solicitor did not cite any facts with regard to the proximity charge and neither did the judge nor Plea Counsel seek

> and ensure that the facts were cited on and for the record. Had the facts been given, [Jeter] would have then been afforded opportunity to show that the facts did not satisfy the elements which would have allowed the proximity charge to stand. Also, the sentencing judge would have then also realized that the facts did not present the elements which would satisfy the charge. This charge would not have stood if properly challenged by Plea Counsel. [Jeter] should not have been encouraged to plead guilty to this charge. Plea Counsel was ineffective for failing to investigate and be competent of the law in this regard.
>
> * * * * *
>
> **GROUND TWELVE**:     Ineffective assistance of counsel in violation of Sixth Amendment of the United States Constitution.
>
> **SUPPORTING FACTS**: Plea Counsel was ineffective in failing to challenge the insufficient indictments for the proximity charges. The indictment for the proximity charges simply stated that [Jeter] was accused of making the transactions within one-half mile proximity of Macedonia Baptist Church Playground. The indictment failed to include the elements of (1) knowingly (2) public. Thus [he] was not informed that the proximity charge of South Carolina Code Ann. § 44-53-445 required the offender to "Know" that he was committing the infraction within a half-mile of a "Public" school/park/playground.

Report at 6-9 (citation omitted).

"In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). "The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id*.

Simply put, Jeter has neglected to present clear and convincing evidence the PCR's factual determinations were incorrect. As such, the Court will also overrule Jeter's eighth objection to the Report.

13

Jeter's ninth objection concerns his Plea Counsel's investigation of his criminal history. In this objection, he states "[i]t is clear that the PCR court made unreasonable determinations in light of the facts presented in the PCR hearing and [r]ecord. The Magistrate errs in doing the same and certainly errs in [r]ecommending this Court to join in on this unreasonableness." Objections at 11.

But, as above, "a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). And, Jeter has "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id*. Because he has failed to do so, the Court will also overrule his ninth objection to the Report.

Tenth, Jeter appears to argue the Magistrate Judge erred failing to conclude Plea Counsel was ineffective for failing to challenge the indictments in this case. He suggests "Plea [C]ounsel's reasonings was objectionably unreasonable[,] Objections at 11, and says "[t]his Court should decline to defer to such unreasonableness." *Id*. at 12.

The Court has made a de novo review of the PCR court's consideration of this claim. In so doing, the Court is unable to conclude the state court's decision on this matter "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding[.]" *Evans*, 220 F.3d at 312 (citations omitted) (internal quotation marks omitted). Therefore, the Court will overrule Jeter's tenth objection, too.

14

Eleventh, Jeter states, "[w]ithin [his] pleadings, he has clearly shown the deficiency and resulting prejudice in many ways." Objections at 12. He argues, "[t]his case relied heavily on the effectiveness of [t]rial counsel during the bargaining and negotiations phase of the proceeding. [He] simply failed to get a benefit of a bargain for pleading guilty." *Id*. According to Jeter, he "pleaded guilty to charges that would not have stood nor would ceased to be existent within the bargaining and negotiations if he had the benefit of an effective assistance of counsel." *Id*. at 13.

The Court has also made a de novo review of this portion of the record, but fails to find any basis for Section 2254 relief. Hence, the Court will overrule Jeter's eleventh objection to the Report, as well.

Twelfth, Jeter objects to the Magistrate Judge's "[s]iding with the PCR court . . . [and] bas[ing] it's determination on an unreasonable determination of the facts." Objections at 13.

This objection concerns Grounds Five, Six, and Eleven of the petition:

> **GROUND FIVE**: Ineffective assistance of counsel in violation of Sixth Amendment of the United States Constitution.
>
> **SUPPORTING FACTS**: Plea Counsel failed to investigate [Jeter's] criminal history and records and thus failed to realize that [his] record did not contain any prior conviction that could be used as an enhancer to [his] current charges. [Jeter's] prior plea, as a result of an agreement, resulted in only a single 1st offense conviction being reflected on his record for any further enhancement purposes. This was clearly reflected on any and all of [his] criminal history reports as such. As the 2004 conviction was over 10 years old, it could not be used in 2015 as an enhancer. Plea Counsel was ineffective as Plea Counsel allowed the solicitor to use this conviction along with a 2013 conviction for simple possession of marijuana, together, to charge and seek to convict Plaintiff of 3rd offense conviction of his current

15

charges. Marijuana convictions cannot be used as an enhancer to methamphetamine charges. [Jeter] should not have been encouraged to plead guilty to this charge. Plea Counsel was ineffective for failing to investigate and be competent of the law in this regard. This charge would not have stood if properly challenged by Plea Counsel. [Jeter] should not have been encouraged to plead guilty to these charges as "Lesser-Included Offenses" as they were not truly lesser included. The plea based on "lesser included" was nothing more than an empty shell as [he] did not receive any benefit of a lesser included offense. The charges would have been only 2nd offenses at best, thus pleading to charges labeled a 2nd offenses under the guise that they were lesser offenses was in error. Plea Counsel was ineffective for failing to investigate and be competent of the law in this regard, and was ineffective in having [him] plead guilty as such.

**GROUND SIX**: Ineffective assistance of counsel in violation of Sixth Amendment of the United States Constitution.

**SUPPORTING FACTS**: Plea Counsel failed to investigate and be competent of the facts and law in this case and totality and consequently Plea Counsel engaged in plea negotiations incompletely and ignorantly and thus did not have any bargaining power to effectively and strategically negotiate against the state. Plea Counsel's failures caused Plea Counsel to lack mitigation evidence and competency of the law to realize that the state was simply bringing illegitimate "stacked" charges to the negotiation as leverage. Counsel's failure to investigate and incompetency as to facts and law caused counsel to subsequently fail to subject the state's case to meaningful and adversarial testing. [Jeter] did not and could not enter a plea of guilty knowingly, voluntarily, and intelligently and with eyes open due to the fact that not only was [he] ignorant and incompetent – but so was Plea Counsel.

\* \* \* \* \*

**GROUND ELEVEN**: Ineffective assistance of counsel in violation of Sixth Amendment of the United States Constitution.

**SUPPORTING FACTS**: Plea Counsel was ineffective as he failed to realize that there was no possibility that [Jeter] would receive a Life Without Possibility of Parole (LWOP) sentence. [He] did not have prior convictions on his record that could be used as enhancers

> to his current charges. The current charges which were a result of the transactions could not be tried and convicted separately in an attempt to expose [Jeter] to a Life Without Parole sentence. The proximity charges (which were strikes) would not stand. This charge would not have stood if properly challenged by Plea Counsel. [He] should not have been encouraged to plead guilty to this charge. Plea Counsel was ineffective for failing to investigate and be competent of the law in this regard.

Report at 7, 9 (citation omitted).

Yet again, Jeter objection to the Magistrate Judge's acceptance of the factual determinations of the PCR court is meritless. As the Court has already noted above, "a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). And, Jeter has "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id*. Again, inasmuch as he has neglected to do so, the Court will overrule his twelfth objection to the Report, too.

Thirteenth, Jeter maintains "[i]t is unreasonable that the PCR court would find Plea Counsel credible when Plea Counsel's very own conduct, testimony, and [evidence] presented at the PCR hearing clearly contradicts this. The Magistrate [errs] in applying the presumption of correctness to the PCR Court's unreasonable determination" of the facts. Objections at 14.

Nevertheless, because Jeter has failed to "rebut[ ] the presumption of correctness by clear and convincing evidence[,]" 28 U.S.C. § 2254(e)(1), the Court will overrule his thirteenth objection to the Report, as well.

In Jeter's fourteenth objection, he "objects with regard to the Magistrate's determination and recommendation with respect to . . . Grounds Five, Six, and Eleven." Objections at 15.

The Court has already enumerated these grounds above, and will thus refrain from listing them a second time here.

These three grounds all deal the alleged failure of Plea Counsel to investigate Jeter's criminal history and how his prior convictions might affect plea negotiations and/or enhancement of his sentences. The Magistrate Judge went into great detail in discussing why she thought Jeter had failed to show the PCR court's conclusions on these issues were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding[.]" *Evans*, 220 F.3d at 312 (citations omitted) (internal quotation marks omitted).

The Magistrate Judge also correctly observed the PCR court's "factual determination based on Plea Counsel's testimony is presumed correct, and [Jeter] has not rebutted this finding with clear and convincing evidence." Report at 37.

Suffice it to say the Court agrees with the Magistrate Judge's treatment of Grounds Five, Six, and Eleven, and thinks it unnecessary to repeat here what she has already stated there, in the Report. Consequently, for these reasons, the Court will overrule Jeter's fourteenth objection, too.

Jeter's fifteenth objection also appears to be related to Grounds Five, Six, and Eleven of the petition. Here, he appears to argue the Magistrate Judge erred in agreeing with the PCR court that "did not suffer any prejudice because [he] did, in fact, have the proper convictions to enhance his charges to a 2nd offense." Objections at 15 (quoting Report at 37).

But, the Court agrees with the Magistrate Judge: "because [Jeter's] prior convictions could serve as enhancers (as found by the PCR Judge under state law), the PCR Judge's finding as to prejudice under *Strickland* was not unreasonable." Report at 38.

Thus, the Court will also overrule Jeter's fifteenth objection.

Sixteenth, Jeter "objects to the [Magistrate Judge's] determination that Plea Counsel's performance was strategic." Objections at 16.

This is, at its core, an ineffective assistance of counsel argument. But, the PCR court failed to agree Plea Counsel was ineffective and Jeter is unable to make the necessary showing required for Section 2254 relief. As such, the Court will also overrule Jeter's sixteenth objection.

Seventeenth, Jeter "respectfully objects to the [Magistrate Judge's] Report with respect to Ground Thirteen." Objections at 17. He appears to contend the PCR Court and the Magistrate Judge erred in their consideration of his ineffective assistance of counsel claim concerning his "Plea Counsel's failure to have [his] mental competency examined prior to [his] entry of the plea." *Id*.

Ground Thirteen of the petition states as follows:

> **GROUND THIRTEEN**:   Ineffective assistance of counsel in violation of Sixth Amendment of the United States Constitution.
>
> **SUPPORTING FACTS**: Plea Counsel was ineffective in failing to acquire a mental competency examination of [Jeter] and seek to be advised of [Jeter's] mental health status. [He] was being held within the Cherokee County Detention Center, without bond, prior to his entry of the plea. [He] informed Plea Counsel that he was

19

> experiencing a mental breakdown, was not being provided medication by the Detention Center's medical provider, Southern Health Partners; and was being physically and mentally abused by the staff at the Detention Center. Plea Counsel was ineffective has he failed to ensure that [Jeter] was not pleading guilty out of fear, duress, undue influence, outrage, and desperation for mental health treatment.

Report at 9 (citation omitted).

Having made a de novo review of the relevant portions of the record, the Court agrees with the Magistrate Judge's conclusion "the PCR [court] did not apply federal law unreasonably or base his adjudication on an unreasonable determination of the facts[ ]" as to this claim. Report at 40. Consequently, the Court will overrule Jeter's seventeenth objection, too.

Therefore, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Jeter's seventeen objections, adopts the Report, and incorporates it herein. It is therefore the judgment of this Court Martell's motion for summary judgment is **GRANTED** and the petition is **DISMISSED WITH PREJUDICE**.

To the extent Jeter moves for a certificate of appealability, such request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 23rd day of September, 2024, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Jeter is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.